*C4*



**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

*Naazneen Khan*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*Phone: 973-353-6016*
*Facsimile: 973-645-4546*

April 29, 2019

Mark A. Berman, Esq.
Hartmann, Doherty, Rosa, Berman and Bulbulia
65 Rt. 4 East
River Edge, NJ 07661

Re:  Plea Agreement with James Thomas, a/k/a "Michael Thomas"

Dear Mr. Berman:

This letter sets forth the plea agreement between your client, James Thomas ("THOMAS"), and the United States Attorney for the District of New Jersey ("this Office").  The government's offer to enter into this plea agreement will expire on April 30, 2019 if it is not accepted in writing by that date.

<u>Charges</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from THOMAS to a one-count Information charging him with conspiring and agreeing with others to distribute and possess with the intent to distribute heroin, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in violation of 21 U.S.C. § 846.

If THOMAS enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against THOMAS for, in or around December 2017 through in or around May 2018, in Essex County, New Jersey, conspiring to distribute and possess heroin or possessing with the intent to distribute heroin.  However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, THOMAS agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by THOMAS may be commenced against him, notwithstanding the expiration of the

limitations period after THOMAS signs the agreement. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, THOMAS agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by THOMAS may be commenced against him, notwithstanding the expiration of the limitations period after THOMAS signs the agreement.

<u>Sentencing</u>

The violation of 21 U.S.C. § 846 to which THOMAS agrees to plead guilty in the Information carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $1,000,000, or (2) twice the gross profits or other proceeds to THOMAS.

Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon THOMAS is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence THOMAS ultimately will receive.

Further, in addition to imposing any other penalty on THOMAS, the sentencing judge: (1) will order THOMAS to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order THOMAS to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) must order forfeiture pursuant to 21 U.S.C. § 853 of: (a) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation, and (b) any property used, or intended to be used, in any matter or part, to commit, or to facilitate the commission of, such violation; and (4) may deny THOMAS certain statutorily defined benefits pursuant to 21 U.S.C. §§ 862 and 862a.

Pursuant to 18 U.S.C. § 3583 and 21 U.S.C. § 841, the sentencing judge must require THOMAS to serve a term of supervised release of at least three years, which will begin at the expiration of any term of imprisonment imposed. Should THOMAS be placed on a term of supervised release and subsequently

- 2 -

violate any of the conditions of supervised release before the expiration of its term, THOMAS may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

<u>Rights of This Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on THOMAS by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of THOMAS's activities and relevant conduct with respect to this case.

<u>Stipulations</u>

This Office and THOMAS agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or THOMAS from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and THOMAS waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

THOMAS agrees that as part of his acceptance of responsibility and pursuant to 21 U.S.C. § 853, he shall forfeit to the United States any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of the offenses set forth the Information.

THOMAS acknowledges that the above-referenced property (the "Forfeitable Property") is subject to forfeiture as property constituting or derived from proceeds obtained as a result of, or used or intended to be used in any manner or part to commit and to facilitate the commission of, a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

THOMAS further agrees to consent to the immediate entry of an order of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. THOMAS understands that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. THOMAS hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

THOMAS consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all right, title, and interest in the Forfeitable Property and waives: (1) all challenges of any kind to the forfeiture and abandonment of the Forfeitable Property; and (2) any additional notice requirement in connection with the forfeiture and abandonment of the Forfeitable Property.

- 4 -

## Immigration Consequences

THOMAS understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. THOMAS understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. THOMAS wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. THOMAS understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, THOMAS waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against THOMAS. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against THOMAS.

No provision of this agreement shall preclude THOMAS from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that THOMAS received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between THOMAS and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: _____
    NAAZNEEN B. KHAN
    Special Assistant U.S. Attorney

    MARY E. TOSCANO
    Assistant U.S. Attorney

APPROVED:

JAMES DONNELLY
Chief, Violent Crimes Unit

- 6 -

I have received this letter from my attorney, Mark A. Berman, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_Michael Thomas_____     Date: 5/6/19
James Thomas

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date: 5/6/19
Mark A. Berman, Esq.
Attorney for James Thomas

- 7 -

<u>Plea Agreement With James Thomas</u>

<u>Schedule A</u>

1. This Office and THOMAS recognize that the United States Sentencing Guidelines are not binding upon the Court.   This Office and THOMAS nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence THOMAS within the Guidelines range that results from the total Guidelines offense level set forth below.  This Office and THOMAS further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

3. With respect to Count One of the Information, the applicable guideline is U.S.S.G. § 2D1.1.  This guideline carries a Base Offense Level of 22 because it was reasonably foreseeable to the defendant that at least 80 grams but less than 100 grams of heroin were distributed during the offense.   *See* U.S.S.G. § 2D1.1(c)(9).

4. The parties agree that THOMAS was a minor participant in the narcotics conspiracy, and therefore is entitled to a two-level decrease under U.S.S.G. § 3B1.2(b).

5. As of the date of this letter, it is expected that THOMAS will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility.  If all of these events occur, and THOMAS's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate.  *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

6. As of the date of this letter, it is expected that THOMAS will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently.  At sentencing, this Office will move for a further 1-point reduction in THOMAS's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) THOMAS enters a plea pursuant to this agreement, (b) this Office in its discretion determines that THOMAS's acceptance of responsibility has continued through the date of sentencing and THOMAS therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) THOMAS's

- 8 -

offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

7. Thus, the parties agree that the total Guidelines offense level applicable to THOMAS is 17 (the "agreed total Guidelines offense level").

8. The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein.  The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

9. THOMAS knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 17. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 17. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.   Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.